**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DEMETRIUS SMITH,

Plaintiff,

vs.

SAN DIEGO POLICE DEP'T, UNKNOWN POLICE OFFICERS,

Defendants.

Case No.:  3:26-cv-1989-JO-LR

**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. 2];**

**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. §1914(a);**

Plaintiff Demetrius Smith, currently detained at Los Colinas Detention Facility and proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Dkt. 1. In lieu of paying the filing fee required by 28 U.S.C. § 1914(a), Plaintiff has also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). Dkt. 2.  For the reasons stated below, the Court denies Plaintiff's IFP motion and dismisses the action without prejudice.

## I.    IFP MOTION

A party may institute a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency.  28 U.S.C. § 1915(a); *Andrews v.*

1

*Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Plaintiffs who wish to proceed IFP must establish their inability to pay by filing an affidavit regarding their income and assets.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  For prisoners to establish an inability to pay, the Prison Litigation Reform Act requires submission of a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

Here, Plaintiff's IFP motion is incomplete because he has not included a certified copy of his trust account statement for the six-month period immediately preceding the filing of his complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2.  Without a certified trust account statement, the Court is unable to assess whether any initial partial filing fee may be required to initiate the prosecution of Plaintiff's case.  *See* 28 U.S.C. § 1915(b)(1).  Therefore, the IFP motion is denied.

## II.   CONCLUSION AND ORDER

Accordingly, the Court:

(1)   DENIES Plaintiff's motion to proceed IFP [Dkt. 2] and DISMISSES the action without prejudice.  *See* 28 U.S.C. §§ 1915(a) & 1914(a).

(2)   GRANTS Plaintiff forty-five (45) days from the date of this order to re-open his case by either: (a) prepaying the entire $405 civil filing and administrative fee in one lump-sum; <u>or</u> (b) filing a renewed motion to proceed IFP*, which includes a prison certificate, signed by a trust accounting official attesting as to his trust account balances and deposits and/or a certified copy of his Inmate Statement Report for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

If Plaintiff chooses *not* to comply with this order by either paying the $405 civil filing fee and administrative fee in full by or submitting a properly supported IFP Motion within forty-five (45) days, this case will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

(3)   DIRECTS the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

**IT IS SO ORDERED.**

Dated:  June 15, 2026

Hon. Jinsook Ohta
United States District Judge